

**FILED**

United States District Court
Northern District of Illinois

MAR 3 0 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Toni A. Coleman-Scruggs )
    PLANTIFF )
    v )
     )
United States of America, )
    Defendant )

**1:15-cv-02670**
**Judge Ronald A. Guzman**
**Magistrate Judge Sidney I. Schenkier**

## COMPLAINT

Plaintiff Toni A. Coleman-Scruggs brings this action under the Federal Tort Claims Act against the Defendant United States of America under ("FTCA"), 28 U.S.C. § 2401(b) to recover damages for injuries she sustained when she fell down the stairs on January 20, 2012 as follows;

### Jurisdictional Allegation

1. That the Plaintiff, Toni A. Coleman-Scruggs, is an adult citizen of the State of Illinois and a resident of Cook County Illinois.
2. That the Defendant, United States of America hereinafter referred to as "Defendant,"
3. The court has Jurisdiction under 28 U.S.C. § 2401(b), *28 U.S.C 1345 and 1348*

### Statement of Claim

4. Solely as a result of the failure of the Defendant to properly maintain the stairs, railing and concrete foundation, metal plates and protruding screws on stairs caused a unsafe condition on the stairs which was the proximate cause of her fall., Plaintiff sustained serious and severe injuries to her person, including, but not limited to, the following injuries: strain to her right arm, ; Ankle Fracture (Broken Ankle) ; swollen ankle, Back pain with pain radiating into her right leg into the buttock and thigh down as far as the calf and

occasionally to the ankle with paresthesias in a non-radicular distribution, right sided L5-S1, Decompression and excision of disc herniation, two epidural steroid injections , one with 50 % temporary relief the none, right sided back pain radiating down her right leg and down into the lateral aspect of her right foot, Lumbar Fusion, Removal of ORIF Right ankle, anxiety; and other serious and severe personal injuries. Solely as a result of the injuries aforementioned, the Plaintiff has incurred damages, including:

    Medical expenses;

    a. She has, May: and probably will for an indefinite time in the future suffer great pain, inconvenience, embarrassment, and mental anguish;

    b. She has, may, and probably will for an indefinite time in the future be deprived of ordinary pleasures of life, loss of well-being, and continued medical care

    c. Her overall health, strength, and vitality has been greatly impaired.

5. The owner and occupier should have had superior knowledge of the condition of the premises and of the danger that was present. Under the circumstances of this case, a duty was imposed upon the United States to use ordinary care to discover the defect, and to correct it or issue an appropriate warning in time to prevent the accident. A reasonable inspection could or should have made the owner aware that the property was in a disrepair.

6. The plaintiff received painful and serious injuries to her back particularly and to her right ankle and foot which has exacerbated by the accident causing additional surgeries. As a general rule if a second injury or an aggravation of a prior one is considered to be a direct consequence or a natural result of the original injury, the original wrongdoer is held liable for the entire damage. *Armstrong v. Bergeron,* 104 N.H. 85, 86, 178 A.2d 293 (1962).

7. Plaintiff most serious injury included but not limited was to; two Lumber disc surgeries, Anterior Lumbar Interbody Fusion, Lumbar five to soccal one with removal peek implant, synfix, Lumbar five- Sacral one with infuse Graft - Garm. Fractured Ankle, Ankle hardware removal. Severe Physical injuries, Plaintiff has required weekly nursing care, numerous hospital visits and surgeries, Physical therapy, debilitating pain, and other injuries. The evidence is uncontroverted that the Plaintiff Toni A. Coleman-Scruggs has suffered a great deal of pain, both physical and mental.

8. When the plaintiff submitted her administrative claim, the increased amount in the complaint over that presented in the administrative claim was based on newly discovered evidence not reasonably discovered at the time and proof of intervening facts. 28 U.S.C. 2675(b). *Lehner v. United States,* 685 F.2d 1187 (9th Cir.1982).

COUNT I

NEGLIGENCE OF THE DEFENDANT

The Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 8 above as if more fully set forth herein at length.

1. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of the Defendant, which consisted inter alia of the particulars:
    a. Failing to properly supervise, maintain and fix the common areas in question so as to furnish to the Plaintiff, Toni A. Coleman-Scruggs, a safe walkway, stairs and railing free from hazards which were recognized or should have been recognized by the Defendant, as causing or likely to cause the serious physical harm to the Plaintiff, Toni A. Coleman-Scruggs and others; On January 20, 2012, the Plaintiff a customer at the Harvey Post Office 15441 S. Center Ave. Harvey, Illinois 60426, went to retrieve her P.O. box mail from the post office, upon leaving Plaintiff briefly stopped and had a conversation with the Custodian Tobin Stokes, when the conversation ended the plaintiff

    turned around and proceeded to the north end of the stairs, Plaintiff grabbed the top rail, and attempted to step down with her left foot which seemed caught, and unable to move, Plaintiff's right foot was still at the top stair. When the Plaintiff began falling down the stairs with her back hitting the stairs as she was falling, her right arm grasping to hold on to the railing as her back, buttocks hit the concrete stairs, and metal grates on the stairs, The Plaintiff fail down about the top of the stairs landing on the bottom stair her right leg slightly twisted hitting the railing causing multiple injuries including to her arm, and right foot. The Custodian, and an unknown customer assisted in helping the plaintiff off the ground.

b. Additionally, at all relevant times herein, the Defendant, The United States of America, owed a duty to its invitees to exercise reasonable care in the operation, maintenance, management and control of the aforementioned premises and to lawful invitees such as the plaintiff: to prevent hazards that could cause potential injury;

c. Failing to properly inspect the Stairs, Railing, Concrete, metal plates on the outside stairs and walkway, which was in disrepair including a broken railings, cracked stairs, unstable metal grates, and protruding and missing screws in the stairs wherein which caused the Plaintiff to fall as a result of the Defendant Failed to maintain the premises owned by the Defendant in good and safe condition for the Plaintiff and others; so that invitees would not suffer injury:

d. Failing otherwise to comply with the applicable laws and regulations of the State of Illinois and the applicable Federal laws and regulations;

e. Otherwise failing to exercise the degree of care required under the circumstances; and

    f. Otherwise being negligent continuing to maintain an unsafe property including broken railings, dangerous stairs, which are crumbling stairs, cracked concrete leading up the stairs and and other unsafe conditions

2. The owner and occupier should have had superior knowledge of the condition of the premises and of the danger that was present. Under the circumstances of this case, a duty was imposed upon the United States of America to use ordinary care to discover the defect, and to correct it or issue an appropriate warning in time to prevent the accident.

3. A reasonable inspection could or should have made the owner aware that the property was in a disrepair.

4. As a result of the aforesaid conduct and breach of care of the Defendant, The United States of America: The Plaintiff sustained multiple injuries, scars, continued medical treatment, assistance to care for herself including, cooking, cleaning, and rides to doctors' appointments, shopping, and sometimes walking and getting in and out of bed. Along with other expenses, permanent injuries and pain, along with possible other surgeries and damages which were more fully described above, without any negligence of the Plaintiff contributing thereto.

5. The Plaintiff timely and properly served SF-95 claim form and requested damages for her injuries.

6. That after an administrative review plaintiff's claim was denied and the United States Postal Service sent a letter Dated October 2, 2014 which outlined the department's denial of her claim.

WHEREFORE, the Plaintiff Toni A. Coleman-Scruggs, prays for damages and judgment against the Defendant, United States of America, in the sum money in excess of the original Tort Claim due to undiscovered and additional surgeries as a result of the initial injuries in the sum amount of Five Million Dollars (5,000,000,000) plus her cost of this action (Suit) and any other relief equitable to be deemed appropriate by this court.

**Plaintiff Demands Trial by Jury**

Dated this 29 day of March, 2015

Respectfully,

Signature_____

Toni A. Coleman- Scruggs
14628 S. Winchester Ave.
Harvey, Illinois 60426-1619
708-359-2921 cell
708-566-1473 home
Pro-Se